IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEVELAND L. TURNER, #223563, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:19-CV-852-WKW ) [WO] ) |
| QUENTEN D. RATCLIFFE, | ) ) ) |
| Defendant. | |

## **ORDER**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections ("ADOC"). In his *pro se* verified complaint, Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction arising from an alleged incident of excessive force that occurred on July 6, 2019. (Doc. # 1.) The motion for a TRO is due to be denied, and the motion for preliminary injunction will be referred to the Magistrate Judge.

Federal Rule of Civil Procedure 65(b) governs requests for a TRO. A TRO may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

To the extent that Plaintiff seeks an *ex parte* TRO, Plaintiff falls short of meeting the prerequisites for the exceptional remedy of a TRO. He does not allege any concrete facts to support a finding that a TRO is necessary to prevent immediate and irreparable injury before Defendant can be heard in opposition. There also is no written certification of Plaintiff's efforts to provide notice to Defendant. Fed. R. Civ. P. 65(b)(1)(B).

Accordingly, it is ORDERED that Plaintiff's motion for a TRO (Doc. # 1) is DENIED.

It is further ORDERED that the motion for preliminary injunction (Doc. # 1) is REFERRED to the Magistrate Judge for further proceedings and a recommendation.

DONE this 8th day of November, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE