IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEVELAND TURNER, #223563, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-852-WKW |
| ) | |
| QUENTEN D. RATCLIFFE, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Cleveland Turner, an indigent state inmate currently incarcerated at the Kilby Correctional Facility, initiated this 42 U.S.C. § 1983 action on November 6, 2019.  In this civil action, Turner alleges a violation of his civil rights during his incarceration in the state prison system.  Specifically, Turner contends that the defendant used excessive force against him on July 6, 2019 during a prior term of confinement at Staton Correctional Facility.  Doc. 1 at 2–3.  In his request for relief, Turner generally seeks issuance of a preliminary injunction.  Doc 1 at 4.

### II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Turner demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a

1

substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

### III.  DISCUSSION

Other than requesting issuance of a preliminary injunction, Turner presents no facts in support of this request for relief nor does he set forth any basis for issuance of such relief.  Thus, upon consideration of Turner's motion for preliminary injunction and the requisite elements for issuance of preliminary injunctive relief, the undersigned finds that the motion for preliminary injunction is due to be denied.

Initially, as to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Turner has failed to demonstrate a substantial likelihood of success on the

merits of his claims. Turner likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an unduly adverse effect on the ability of prison personnel to exercise their professional judgment in determining the appropriate manner in which to provide security and discipline inmates for their disruptive behavior. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Turner has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

On or before **December 26, 2019**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 11th day of December, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE